IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

TRAVEL EXPRESS INTERNATIONAL,
a Georgia corporation; ROBERT
E. LEWIS, II; ALAN D.
HUMPHRIES,

    Defendants.

CIVIL ACTION
NO. 1:01-cv-906-GET

O R D E R

The above-styled matter is presently before the court on defendants' motion for an award of attorney's fees [docket no. 84].

On November 15, 2002, this court issued an order granting defendants' motion for summary judgment. On the same day, judgment was entered in favor of defendants and against the Federal Trade Commission ("FTC") for the costs of the action. On May 27, 2003, the court granted defendants' motion for attorney's fees. The court also directed defendants to submit an amended bill of costs, which the court received on June 11, 2003.

On June 6, 2003, the court held a hearing on attorney's fees. At this hearing, defendants submitted four charts, which are attached to this order, that describe the amount of attorney's fees sought. The court concludes these charts accurately represent what

they purport to represent. Therefore, they are adopted by the court and incorporated into this order.

Attorney's Fees

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . . ." 28 U.S.C. § 2412(d)(1)(A).

> "Fees and other expenses" includes . . . reasonable attorney fees. (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A).

A. *Hourly Rate to Be Applied*

"The EAJA . . . establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the court must determine "the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." Id. The second step, which is needed only if the market rate is greater than the $125 statutory cap, is to determine whether the court

should adjust the hourly fee upward to take into account an increase in the cost of living. See id.

### 1. *The Prevailing Market Rate*

Four attorneys performed legal services for defendants. Mr. Paul E. Andrew represented defendants from June 2000 through December 2001. Mr. Andrews billed defendants $150.00 per hour for services performed June 2000 through September 2001, $175.00 per hour for services performed October 2001 through December 2001, and $195.00 per hour for services performed in March 2003 in support of this attorney's fees request. Mr. Andrew has practiced law since 1990 and represented several clients in civil corporate litigation matters. The court finds that Mr. Andrew's rates of $150 per hour from June 2000 through September 2001, $175.00 per hour from October 2001 through December 2001, and $195.00 per hour in March 2003 are well within the prevailing market rate in the Atlanta, Georgia area for lawyers with comparable skills and experience during the applicable time period.

Mr. John D. Reaves, of Washington, DC, represented defendants in 2001. Mr. Reaves billed defendants $250.00 per hour and stated in an affidavit that this rate is reasonable and customary. After serving as chief of staff of the FTC from 1973-1977, Mr. Reaves has engaged in private practice specializing in FTC matters. The court

Page 3

finds that $250.00 per hour was the prevailing market rate in 2001 in the Washington, D.C. area for comparable attorneys.

Mr. James Paul of Chamberlain, Hrdlicka, White, Williams, & Martin represented defendants from December 2001 to the present. Mr. Paul served as defendants' lead counsel and billed defendants $275.00 per hour. Mr. Paul has practiced law in Georgia since 1971, concentrating in civil business litigation and Chapter 11 reorganization. The court finds that Mr. Paul's rate of $275.00 per hour is well within the prevailing market rate in the Atlanta area from December 2001 to the present for comparable attorneys.

Mr. Eric White of Chamberlain, Hrdlicka, White, Williams, & Martin represented defendants from December 2001 to the present. Mr. White billed $175.00 per hour for his services. Mr. White has practiced law since 1990 and specializes in civil business litigation. The court finds that Mr. White's rate of $175.00 was well within the prevailing market rate in the Atlanta area from December 2001 to the present for comparable attorneys.

### 2. Cost of Living Adjustment

Because the above-mentioned prevailing market rates are in excess of the statutory fee cap ($125), the EAJA allows for a cost of living adjustment. See 28 U.S.C. § 2412(d)(2)(A). See also Meyer, 958 F.2d at 1035 n. 9. (noting that the application of a cost of living adjustment is "next to automatic"). The parties agree that the Consumer Price Index ("CPI") for "All Urban

Consumers" is the appropriate index for EAJA cost of living adjustments. Application of the CPI data yields the hourly rate of $142.00 for all four of defendants' attorneys.

### B. Reasonable Number of Hours

#### 1. Attorney Paul Andrew

Mr. Andrew billed 180.90 hours for work performed in the initial stages of this action. At the June 6, 2003 hearing on attorney's fees, the FTC objected to the hours billed before the filing of the complaint.

"[I]t would be unwise and incorrect to assume that the compensable work of any attorney begins only after a complaint has been filed." McGuire v. Sullivan, 723 F. Supp. 1506, 1509 (N.D. Ga. 1989). Before the FTC commenced suit, Mr. Andrew represented defendants in front of the FTC regarding the very issues alleged in the complaint. Following the filing of the complaint, Mr. Andrew continued to negotiate with the FTC to dissuade it from pursuing the claims. Mr. Andrew drafted defendants' initial pleadings, mandatory disclosures, and discovery requests. In addition, Mr. Andrew analyzed the initial written discovery and defended financial depositions of the individual defendants. Mr. Andrew's hours were all directly related to the filing of the complaint, and the court finds the number of hours billed reasonable and necessary. See id.

*2. Attorney John D. Reaves*

Mr. Reaves billed 54.5 hours for representing defendants in dealings with the staff and director of the Bureau of Consumer Protection of the FTC. Mr. Reaves attempted to negotiate a settlement with the FTC and participated in several meetings with the FTC regarding its investigation. The FTC does not dispute that Mr. Andrew spent 54.5 hours performing his services, and the court finds the amount reasonable considering Mr. Reaves' expertise and role in the initial stages of this action.

*3. Attorney James L. Paul*

Mr. Paul billed 109.40 hours for representing defendants during the majority of this action. Defendants initially retained Mr. Paul to respond to plaintiff's motion to amend the complaint. Thereafter, as lead counsel, Mr. Paul supervised the defense in this case. Mr. Paul oversaw extensive discovery, prosecuted and defended summary judgment motions, and appeared before this court at two hearings. The court finds that Mr. Paul's hours were reasonable and necessary to represent defendants in this action.

*4. Attorney Eric White*

Mr. White billed defendants 538.60 hours. Mr. White prepared defendants' response to plaintiff's motion to amend the complaint. In addition, Mr. White conducted extensive discovery - analyzing voluminous sets of documents, drafting several discovery motions, and deposing most of the witnesses in this action. The bulk of Mr.

White's time consisted of preparing and defending summary judgment motions. Following judgment in favor of defendants, Mr. White also prepared the instant attorney's fees request. See Jean v. Nelson, 863 F.2d 759, 779 (11th Cir. 1998) (awarding costs for obtaining attorney's fees).

At the June 6, 2003 hearing, the FTC argued that counsels' hours were subject to reduction as a result of unnecessary duplication of efforts. The retention of multiple counsel in a complex case is "understandable and not a ground for reducing the hours claimed" because "the use in involved litigation of a team of attorneys who divide up the work is common for both plaintiff and defense work." Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Thus, "a reduction is warranted only if the attorneys are unreasonably doing the same work." Id. Plaintiff has pointed to no specific instances in which counsels' work was unreasonably duplicative, and upon review of counsels' billing records, the court notes that several entries have been purged to avoid duplication. Accordingly, the court finds Mr. White's hours were reasonable and necessary.

Paralegal Fees

Defendants also submit the invoice of paralegal Lauri J. McKenna of Chamberlain, Hrdlicka, White, Williams, & Martin who billed defendants 153.50 hours at $100.00 per hour. "Paralegal time is recoverable as part of a prevailing party's award for

attorney's fees and expense, but only to the extent that the paralegal performs work traditionally done by an attorney." Jean, 863 F.2d at 778. Ms. McKenna performed work throughout this action as described in the attachments to this order. In addition, if Ms. McKenna had not handled certain aspects of the case, an attorney would have performed the work, resulting in the same results at a higher overall cost. See id. Having received testimony that Ms. McKenna's rate is comparable with other paralegals performing similar work, the court finds that both Ms. McKenna's rate and number of hours billed are reasonable.

Therefore, defendants' motion for an award of attorney's fees [docket no. 84] is GRANTED in the amount of $140,792.80 as outlined in the attached documents.

Expenses

At the June 6, 2003 hearing, defendants indicated that pursuant to the EAJA, they would submit a revised "Bill of Expenses" in the amount of $7,830.00 for the court's review. The FTC reserved objection to the amount until it reviewed defendants' submission. Defendants are DIRECTED to submit its EAJA "Bill of Expenses" within ten (10) days of this court's order. A response, if any, by the FTC should be submitted in accordance with the court's local rules.

Summary

Defendants' motion for an award of attorney's fees [docket no. 84] is **GRANTED** in the amount of $140,792.80. Defendants are **DIRECTED** to submit its EAJA "Bill of Expenses" within ten (10) days of this court's order.

**SO ORDERED**, this 26 day of June, 2003.

G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT COURT

ENTERED ON DOCKET

JUN 2 7 2003

L.D.T., CLERK
BY        DEPUTY CLERK

# Billing Judgment Market Rate vs. EAJA Statutory Rate

|  | Market Billing Rate | EAJA Billing Rate |
|---|---|---|
| **Paul E. Andrew** ($150-$195 range vs. $142) 180.90 hours | $32,817.50 | $25,687.80 |
| **John D. Reaves** ($250 vs. $142) 54.50 hours | $13,625.00 | $7,739.00 |
| **James L. Paul** ($275 vs. $142) 109.40 hours | $30,085.00 | $15,534.80 |
| **Eric C. White** ($175 vs. $142) 538.60 hours | $94,225.00 | $76,481.20 |
| **Lauri J. McKenna** ($100 vs. $142) 153.50 hours | $15,350.00 | $15,350.00 (no EAJA rate) |

**$186,102.50 vs. $140,792.80**

## Functional Allocation of 1085 Hours Worked (Including 46.9 Hours of No Charge Time)

| | FTC Speciality Advice, FTC Conferences & Negotiations | Investigation, Initial Pleadings, Initial Discovery, Negotiations with FTC | Investigation and Background Research | Miscellaneous Correspondence and Conferences | Document Production and Analysis | Written Discovery | Depositions and Witnesses | Discovery Motions | Other Pleadings and Motions | Summary Judgment Motions | Other Miscellaneous Matters | Preparation of Attorneys Fees Requests |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| John D. Reaves | 54.5 | | | | | | | | | | | |
| Paul Andrew | | 180.90 | | | | | | | | | | |
| James L. Paul | | | 4.00 | 17.30 | 1.10 | 0.00 | 3.00 | 2.20 | 2.20 | 79.90 | 0.80 | 0.00 |
| J. Scot Kirkpatrick | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Eric C. White | | | 39.90 | 27.80 | 33.25 | 7.00 | 87.95 | 55.00 | 12.60 | 301.50 | 0.40 | 19.50 |
| Lauri J. McKenna | | | 0.75 | 10.80 | 11.90 | 1.00 | 6.45 | 8.25 | 4.00 | 103.50 | 6.85 | 0.75 |
| Cindy M. Robillard | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL | 54.5 | 180.9 | 44.65 | 55.90 | 46.25 | 8.00 | 97.40 | 65.45 | 18.80 | 484.90 | 8.05 | 20.25 |

# Billing Judgment Discounts to Clients and Additional Deductions in Claim to FTC

| | Total Hours | Minus No Charges and Reductions to Client | | Total Hours Billed to Client | Minus Additional Reduction in Claim Against FTC | | Total Hours in Claim Against FTC |
|---|---|---|---|---|---|---|---|
| James L. Paul | 113.68 | - 0 | = | 113.68 | - 4.28 hours/$275 | = | 109.40 |
| J. Scott Kirkpatrick | 33.10 | - 0 | = | 33.10 | - 33.10 hours/$315 | = | 0.00 |
| Eric C. White | 585.70 | - 45.90 hours/$175 | = | 539.80 | - 1.20 hours/$175 | = | 538.60 |
| Lauri J. McKenna | 161.70 | - 1.0 hour/$100 | = | 160.70 | - 7.20 hours/$100 | = | 153.50 |
| Cindy Robillard | 282.00 | - 254.19 hours/$100 | = | 27.81 | - 27.81 hours/$100 | = | 0.00 |
| | 1,176.18 | 301.09 hours | | 875.09 | 73.59 hours | | 801.50 hours claimed |

Total Billing Judgment Deductions to Client
301.09 hours/$33,551.00

Total Additional Deductions in Claim Against FTC
73.59 hours/$15,314.50

# Statutory Discount From Market Billing Rate

## Pursuant to Equal Access Justice Act

| Name | Billable Hours | | Rate | | Total | Discount |
|---|---|---|---|---|---|---|
| James L. Paul | 109.40 | X | $275.00 billing rate<br>$142.00 EAJA statutory rate | =<br>= | $30,085.00<br>$15,534.80 | ($14,550.20) |
| Eric C. White | 538.60 | X | $175.00 billing rate<br>$142.00 EAJA statutory rate | =<br>= | $94,225.00<br>$76,481.20 | ($17,743.80) |
| Lauri J. McKenna | 153.50 | X | $100.00 billing rate<br>no EAJA statutory rate | =<br>= | $15.350.00<br>[no EAJA rate] | ($0.00) |
| | | | | | Sub-Total | ($32,294.00) |
| Paul E. Andrew | 180.90 | X | $150.00-195.00 range of rates<br>$142.00 EAJA statutory rate | =<br>= | $32,817.50<br>$25,687.80 | ($7,129.70) |
| | | | | | Sub-Total | ($7,129.70) |
| John D. Reaves | 54.50 | X | $250.00 billing rate<br>$142.00 EAJA statutory rate | =<br>= | $13,625.00<br>$7,739.00 | ($5,886.00) |
| | | | | | Sub-Total | ($5,886.00) |

**Total Discount: $45,309.70**